IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Yvonne Gipson<br>1404 Chesapeake Avenue<br>Annapolis, MD 21403,<br>*and all others similarly situated*,<br><br>                                                    **Plaintiffs**<br><br>**v.**<br><br>Wells Fargo & Company, Wells Fargo Bank,<br>N.A., Employee Benefit Review Committee,<br>*and* John Does 1-20, *et al.*,<br>                                                    **Defendants** | Case No. 1:07-cv-01970-JDB<br><br>Hon. John D. Bates |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR
IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER**

Plaintiff Yvonne Gipson, through the undersigned counsel, respectfully submits her

Opposition to Defendants' Motion To Dismiss For Improper Venue Or In The Alternative To

Transfer (hereafter "Motion") [DE 11-1].  In support thereof, Plaintiff states as follows:

**INTRODUCTION**

From 1998 to 2004, Plaintiff worked in the District of Columbia for Wells Fargo or its

predecessor, Norwest Mortgage ("Norwest").  During that time and by virtue of her employment,

she became a participant in the Wells Fargo & Company 401(k) Plan ("Plan") or its predecessor

plan offered through Norwest.

Plaintiff brought the instant action pursuant to the Employee Retirement Income Security

Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*  When it enacted ERISA, Congress gave plaintiffs a

broader choice of venue than that provided under normal circumstances.  *Compare* ERISA

§ 502(e)(2), 29 U.S.C. § 1132(e)(2) *with* 28 U.S.C. § 1391.

As an initial matter, Defendants incorrectly assert that "the only connection between this

case and the District of Columbia is that Gipson's counsel has an office in this district."  [DE 11-

1] at 10. [1]  They twice state that Ms. Gipson did not work for Wells Fargo in the District of

Columbia. *Id.* at 4, 9.  This error calls into serious question the accuracy of the statements made

by Defendants' Affiant, Paula Roe, who is the Administrator of the Plan.

Defendants' requests for relief are flawed as well.  First, Defendants request that the

Court dismiss the case even though, as Defendants averments show, venue is proper here.[2]

When venue is proper in the selected forum, a motion to dismiss under Fed. R. Civ. P. 12(b)(3)

must be denied.

Defendants' request to transfer the case fairs no better.  Case law is clear that, under the

facts presented, the Court should disregard the forum selection clause cited by Defendants

because enforcement of that clause would deprive Plaintiff of her day in Court.  This is so

because the proposed transferee Court – the District of Minnesota – lies in the Eighth Circuit.

That Circuit denies participants who have liquidated their plan account, such as Plaintiff,

standing to sue under ERISA.  Thus, transferring the case to Minnesota would likely sound the

death knell for Plaintiff's case.  *See infra* note 8.

The other factors on which Defendants rely in arguing for a transfer fair no better.  Given

that Ms. Gipson's claims in fact arise from her employment in the District of Columbia, this case

has substantial connections to this district and Ms. Gipson's choice of forum should be given

considerable weight.  Furthermore, when looked at in the context of modern class action

litigation, neither venue offers any real benefit over the other, given that: (1) the evidence will

consist of documents which are already in electronic form (or will be scanned) and depositions

for which only the attorneys will need to travel; and (2) the odds of this matter reaching trial are

---

[1] The Motion and Memorandum in Support thereof appear as one single document in Docket
Entry 11-1 on the Court's ECF system.  Citations to Motion and Memorandum refer to Docket
Entry 11-1 and to the numbers on the top of the pages which are assigned by the ECF system.
[2] The fact that Ms. Gipson worked for Wells Fargo in the District of Columbia further cements
the conclusion that venue properly lies in this Court.

less than 2%,[3] and so the parties need not concern themselves with any minor inconvenience that

might arise from the trial venue.

In sum, venue properly lies in this Court, and Defendants have failed to carry their

burden of establishing that Minnesota is a forum which provides greater convenience to them or

third parties.  Consequently, Defendants have failed to carry their burden and the Court should

deny their Motion.

**RELEVANT FACTS**

This lawsuit relates to the Plan.[4]  Some of the participants in the Plan live in the District

of Columbia, and Defendants Wells Fargo & Company and Wells Fargo Bank, N.A., employ

individuals within the District as well.  [DE 11-2] (Affidavit of Paula S. Roe) ¶¶ 11, 12.  (For

ease of reference, Defendants Wells Fargo & Company and Wells Fargo Bank, N.A., will be

referred to collectively as the "Corporate Defendants.")

Ms. Gipson worked for Wells Fargo in the District of Columbia.  Decl. of Yvonne

Gipson ("Gipson Decl."), ¶¶ 6, 7.  By virtue of that employment she became a member of the

Plan.  Ms. Gipson continues to work in the District of Columbia and lives in nearby Annapolis,

MD.  [DE 1] (Class Action Compl.) ¶ 16.

---

[3] For the year ending September 30, 2006, the percentage of terminated cases in this District that reached trial was 1.2%.  Judicial Business of the United States Courts, 2006, Table C-4A, http://www.uscourts.gov/judbus2006/appendices/c4a.pdf.

[4] "When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant." *Andrade v. Chase Home Fin., LLC*, No. 04 C 8229, 2005 WL 3436400, at *2 (N.D.Ill.Dec. 12, 2005).  The same is true even if the Court analyzes Defendants' Motion under the rules governing a motion to dismiss for improper venue.  *See Cuevas v. Reading & Bates Corp.*, 577 F.Supp. 462, 476 (S.D.Tex.1983), *aff'd*, 770 F.2d 1371 (5th Cir.1985), *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir.1987).

3

**ARGUMENT**

Defendants seek alternative relief in their Motion: dismissal under Fed. R. Civ. P.

12(b)(3) based on improper venue or transfer to the District Court of Minnesota under 28 U.S.C.

§ 1404(a).  As explained in Section I, because ERISA allows the Plaintiff to bring the instant

case in this Court, venue is proper here and the Court should not dismiss the case.  As explained

in Section II, the case should not be transferred because: (1) transfer would deprive Ms. Gipson

of her day in court; (2) the case has substantial connection to the District of Columbia because

the claims arise out of Ms. Gipson's employment here; and (3) neither this Court nor the District

of Minnesota is demonstrably more convenient for witnesses or the litigants to a degree that

warrants disturbing Plaintiff's choice of forum.

**I.      Plaintiff Brought This Case In A Proper Forum So The Case
          Should Not Be Dismissed**

Venue in an ERISA case properly lies "where a defendant resides or may be found…."

ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).  For purposes of venue provisions, a corporate

defendant resides in any district in which it is subject to personal jurisdiction.  28 U.S.C. §

1391(a).

Ms. Gipson worked for Wells Fargo in the District of Columbia.  Gipson Decl., ¶¶ 6, 7.

That employment gives rise to her claims against Defendants.  *See*, *e.g.*, [DE 11-2], ¶ 13.  The

Corporate Defendants both conduct business and employ people in the District of Columbia.  *Id.*,

¶ 12.

The District of Columbia's "long-arm statute [D.C.Code § 13-423] permits the exercise

of personal jurisdiction to the full extent permitted by the Due Process Clause of the

Constitution."  *FC Inv. Group LC v. IFX MKTS. Ltd.*, 479 F.Supp.2d 30, 38 (D.D.C. 2007).

Because the claims at issue arise out of Ms. Gipson's employment in the District of Columbia,

and both Corporate Defendants continue to conduct business and employ people here, they are

subject to personal jurisdiction in this Court pursuant to D.C.Code § 13-423.  Consequently, both

Corporate Defendants are deemed to reside within this judicial district.  28 U.S.C. § 1391(a).

Under ERISA, venue properly lies in this Court.[5]

Defendants' motion to dismiss is based solely on the existence of a forum selection

clause in the Plan documents.  Mem. in Supp. of Mot. at 8-12.  Defendants do not deny that they

are subject to personal jurisdiction in this Court; nor do they contend that venue is improper

under ERISA's venue statute.

Defendants' argument ignores the significant body of case law that has already addressed

the question of whether the existence of a forum selection clause subjects a case to dismissal if

brought in a district other than that specified by the clause.  Of the many courts that have faced

this issue, most that analyzed the question have concluded that a case brought in an otherwise

proper forum is not subject to dismissal simply because a forum selection clause mandated that it

be brought elsewhere.  *See, e.g., Gen. Pump & Well, Inc. v. Laibe Supply Corp.*, No. CV. 607-30,

2007 WL 4592103, at *2 (S.D. Ga., Dec. 28, 2007).  As explained in the *Gen. Pump* opinion:

> These courts reason that venue is a federal procedural issue defined
> by federal statute, and federal venue statu[t]es do not expressly
> provide for consideration of forum selection clauses.  []
> Accordingly, "the fact that the parties contractually agreed to
> litigate disputes in another forum is not a question of venue but one
> of contract which will be enforced unless fundamentally unfair."
> []  Thus, while a forum selection clause may compel a court to
> transfer an action, it will not warrant dismissal.

*Id.*, (*quoting Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F.Supp. 671, 679 (D.N.J.

1993).  As noted by the court, this approach finds support in the U.S. Supreme Court's opinion in

*Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  *See also Haskel v. FPR Registry,*

---

[5] ERISA's venue provision does not limit venue to a district in which all defendants reside, as
does 28 U.S.C. § 1391(a)(1).

*Inc.*, 862 F.Supp. 909, 915 (E.D.N.Y. 1994) (noting that "the better view is that forum selection

clauses do not render venue improper and thus may not be enforced by a motion to dismiss for

improper venue"); *Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, No. CV 06-

2612, 2006 WL 2536590, at *2 (C.D. Cal., Aug. 29, 2006) (a court should favor transfer over

dismissal when defendant seeks both forms of relief in the alternative because "transfer avoids

unnecessary delay and inconvenience of having to re-file in the proper district.")

Defendants have thus failed to demonstrate why this matter should be dismissed under

Fed. R. Civ. P. 12(b)(3) for improper venue.  The only question that remains, then, is whether the

Court should transfer this case under 28 U.S.C. § 1404(a).  We turn next to that issue.

**II.      The Case Should Not Be Transferred Because Doing So Would
          Deprive Plaintiff Of Her Day In Court**

        A.      The Primary Question Is Whether To Enforce The
             Forum Selection Clause

The traditional *forum non conveniens* analysis involved weighing several factors, such as

deference to plaintiff's choice of forum, convenience of alternative forums for third party

witnesses, and relative burdens on the parties.  *L & L Constr. Assocs., Inc. v. Slattery Skanska,

Inc.*, No. CIV. 05-1289 2006 WL 1102814 at *5 (Mar. 31, 2006).  "However, the presence of a

forum selection clause … changes the analysis."  *Id.*  Such a clause "is now the dominant factor

in the determination" of whether a transfer motion should be granted.  *Id.*

Given the primacy of a forum selection clause in the Court's analysis, the question really

boils down to this:  should the Court enforce that clause?  If the answer is "no", then Defendants'

Motion to Transfer should be denied.  After all, if (as we demonstrate below) the forum selection

clause should be ignored because it is so inherently unfair that it would deprive Ms. Gipson of

her day in court, no weighing of more amorphous factors such as "convenience to witnesses" or

"burden to the parties" could possibly justify transferring the case.[6]

> B.     Enforcing The Forum Selection Clause Will
>        Deprive Plaintiff Of Her Day In Court

In the seminal case in the area, the U.S. Supreme Court explained that forum selection

clauses are not always enforceable.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

For example, "Plaintiff may escape enforcement of the forum selection clause [] if [she] can

demonstrate that [she] will be deprived of [her] day in court by trying the matter" in the venue

mandated by the clause.  *L & L Constr. Assocs.*, 2006 WL 1102814 at *5.  This is a widely

recognized exception to the rule favoring enforcement of forum selection clauses.  *See*, *e.g.*,

*Murphy v. Schneider Nat'l, Inc* , 362 F.3d 1133, 1143 (9th Cir. 2004); *Pee Dee Health Care,*

*P.A., v. Sanford*, 509 F.3d 204, 213-14 (4th Cir. 2007).

At the time that the Complaint was filed, Plaintiff was no longer an active participant in

the Plan.  [DE 11-1] at 19, n.16; [DE 11-2], ¶ 13.  This raises what is referred to as the "former

participant standing" issue.[7]  U.S. Circuit Courts of Appeal are split on whether former

participants have standing to enforce ERISA violations.  For example, the Sixth Circuit has held

that former participants do have standing.  *Swinney v. General Motors Corp.*, 46 F.3d 512, 518

(6th Cir.1995).  However, the Eight Circuit has held that they do not.  *Adamson v. Armco, Inc.*,

44 F.3d 650, 654-55(8th Cir. 1995).  The U.S. Circuit Court of Appeals for the District of

Columbia has not yet addressed the issue.

---

[6] Plaintiff nonetheless explains below why the traditional factors do not favor transfer.

[7] This term is somewhat misleading in that it implies Ms. Gipson has no further relationship to the Plan.  In fact, in order to realize any recovery from this case, she will need to be reinstated as a participant so that her account can be credited.  This reinstatement happens routinely in ERISA litigation and is necessary because technically the plan receives any recovery, which is then allocated to current and former participants.  *See*, *e.g.*, *Sherrill v. Federal-Mogul Corp. Ret. Comm.*, No. 04-72949 (E.D. Mich.) Plan of Allocation [DE 189-3] (filed June 6, 2007), ¶ 3.3 (available on PACER).

The forum selection clause on which Defendants rely mandates that actions be brought in the District of Minnesota (*Defs.' Mem.* at 3), which lies within the Eight Circuit. Consequently, if this case is transferred to the District of Minnesota, Defendants will no doubt seek a dismissal based on Ms. Gipson's supposed lack of standing.[8]

Defendants have the burden of proving that despite the fact that Plaintiff brought this case in a proper forum, the Court should disregard Plaintiff's choice and transfer the case. *Delahantyv. Hinckley*, 686 F.Supp. 920, 926 (D.D.C. 1986). As explained below, Defendants fail to carry that burden.

### C.    The Traditional Factors Do Not Favor Transfer

Ms. Gipson submits that if the Court agrees that the forum selection clause should not be enforced, then the Court need not consider any other factors. If transferring a case is so unfair that it vitiates a forum selection clause, then the traditional considerations cannot possibly overcome that fundamental unfairness, either. Nonetheless, in the event that the Court does consider them, we now turn to the traditional factors to explain why they do not weigh in favor of transfer.

When analyzing the traditional factors for a transfer motion, the Defendants bear a heavy burden in overcoming "the special weight ERISA affords [Ms. Gipson's] choice of forum." *Flynn v, Veazey Constr. Corp.*, 310 F.Supp 2d 186, 193 (D.D.C. 2004). In fact, jurists in this

---

[8] On February 20, 2008, the U.S. Supreme Court issued its opinion in *Larue v. DeWolff, Boberg & Assocs., Inc.*, No. 06-856, __ U.S. __ (Feb. 20, 2008). In n.6 of that unanimous decision, the Court expressly rejected respondents' claim that the case had been rendered moot because petitioner withdrew his funds from the plan while the matter was pending before the Supreme Court. *Id.*, slip op. at 8. The Court cited with approval *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007). Unless Defendants' counsel acknowledges that this puts the "former participant" question to rest, Ms. Gipson still faces the prospect that Defendants will assert the defense in the District Court of Minnesota, and that the trial court could errantly grant a dismissal, thus necessitating an appeal. The prospect of such drawn out proceedings does little to quell concern about Ms. Gipson having a legitimate day in court if the case is transferred.

District "have cited ERISA's special venue provision in rejecting virtually every attempt to transfer ERISA actions under § 1404(a)." *Id.* (citing numerous cases).

Defendants proffer two distinctions between this case and *Flynn*. The first is that *Flynn* had no forum selection, and the second is that this case has no connection to this District. [DE 11-1] at 20, n.18. Given that the forum selection clause should be disregarded and that Ms. Gipson's claims arise from her employment in this District, Defendants' purported distinctions provide scant support for their position.

Defendants also cite several cases for the proposition that the Court should give Ms. Gipson's choice of forum less weight because she seeks to represent a class action, [DE 11-1] at 19-20, but only one from this District: *Berenson v. Nat'l Fin. Svcs., LLC*, 319 F.Supp.2d 1, 3 (D.D.C. 2004). *Berenson* was not an ERISA case, so that decision never addressed the "special weight ERISA affords plaintiff's choice of forum" recognized in *Flynn*. *See* 310 F.Supp 2d at 193. Applying the non-ERISA *Berenson* decision to this matter flies in the face of the multitude of ERISA authorities cited by *Flynn*. Furthermore, the *Berenson* opinion recognizes that even in non-ERISA class actions, a plaintiff's choice of forum is still given some deference. *Berenson*, 319 F.Supp.2d at 3.[9]

Defendants' remaining arguments boil down to four propositions[10]: (1) that the claims arose in Minnesota ([DE 11-1] at 23); (2) that transfer will be more convenient for the witnesses and parties (*id.* at 24-26); (3) that most sources of proof are located in Minnesota (*id.* at 26); and (4) that although most public interest factors are neutral, the interest in having local controversies decided locally weighs in favor of transfer (*id.* at 26-27). We address each of these in turn.

---

[9] Defendants' assertion that Ms. Gipson's choice of forum should be given "no [] deference" "because Gipson has no connection to this forum" ([DE 11-1] at 18) crumbles under the weight of the reality that Ms. Gipson worked for Wells Fargo in the District of Columbia.
[10] Ms. Gipson agrees that the case could have been filed in the District of Minnesota. *See* [DE 11-1] at 16-17.

*Where the Claims Arose*

Defendants ignore a basic fact: Ms. Gipson's claims can just as easily be said to arise out of her employment with Wells Fargo – employment which occurred in the District of Columbia. The reality of modern complex litigation such as this is that claims can be said to arise in a variety of venues. Wrangling over the concept of where an ERISA claim arises is about as helpful as the proverbial argument over the number of angels who can dance on the head of a pin. ERISA plans are non-tangible things that often have nationwide impact – as does the Plan at issue here. If Congress had meant for ERISA cases to be brought only in the fiduciaries' backyard, it could have provided for that. Instead, Congress gave ERISA plaintiffs an even wider choice of forums than is provided for by 28 U.S.C. § 1331.

*Convenience of Witnesses and Parties*

With regard to witnesses, Defendants make bald and rather suspect assertions about the relative convenience of Washington, D.C. and Minnesota. Defendants' affiant Ms. Roe identifies the following third party witnesses and their locations: Sungard (Arkansas); State Street Bank and Trust (Boston); Barclays Global Investors (California); Dodge & Cox (California); and Capital Research and Management Company (California). [DE 11-2], ¶¶ 14, 18, 20. Defendants claim, with no support, that Minnesota is a more convenient location for those potential witnesses. That is a highly questionable claim given that three major airports serve the Washington, D.C. area.

Defendants provide the name of one former employee – Debbie Harvieux – who resides in Minnesota ([DE 11-1] at 25) and two entities – Perigrine Capital Management, Inc. and Galliard Capital Management – based in Minnesota. [DE 11-2], ¶¶ 16, 17. Defendants fail to describe what relevant information those witnesses have and why they are important to this case. Defendants also offer no evidence that Ms. Harvieux or representatives from the two

management companies will refuse to testify at a trial in this matter in the highly unlikely event

that such a trial would take place.  Moreover, by their reference to Ms. Harvieux being within the

subpoena power of a Minnesota court ([DE 11-1] at 25), Defendants presumably have a trial

subpoena in mind.  They do not contest that Ms. Harvieux can be subpoenaed for a deposition or

that her deposition could be used at trial if she does not voluntarily appear.  *See* Fed. R. Civ. P.

32.

      With regard to the discovery phase of the proceedings, it is completely irrelevant to third

party witnesses where the case is being litigated.  The simple truth is that lawyers travel for third

party depositions; witnesses do not.

      As for the parties, the same holds true of the discovery phase.  Defendants' employees

are going to be deposed where they live and work, whether this case stays in this Court or is

transferred to Minnesota.  The venue of the case will only impact Defendants' employees if this

case is one of the very, very few that go to trial.  In that event, and if the case is transferred, the

burden of travel will shift to Ms. Gipson.  Transferring a case does not make the litigation more

convenient to the parties if it "merely shift[s] the inconvenience from Defendant to Plaintiff."

*A.I. Credit Corp. v. Liebman*, 791 F.Supp. 427, 430 (S.D.N.Y. 1992).

      *Access to Sources of Proof*

      Defendants overlook the fact that Ms. Roe admits that "[t]he Plan's record keeper,

Sungard, is based in Arkansas."  [DE 11-2], ¶ 14.  Neither Washington, D.C., nor Minnesota are

anywhere near the Plan's record keeper.  Ms. Roe references some records kept by Defendants in

Minnesota (*id.*, ¶ 8), but modern litigation practice discounts the location of documents virtually

to zero.

      Defendants' argument about access to records relates more to a bygone era in which

discovery was a paper-intensive exercise.  Modern litigation techniques, like document imaging

(which is almost universally done in ERISA class actions such as this), make such arguments seem almost quaint.  Now, massive amounts of information are routinely stored electronically and easily passed between counsel, regardless of the physical distance involved.  *See*, *e.g.*, *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F.Supp.2d 164, 170 (E.D.N.Y.  2006).

Defendants can no doubt cite to a litany of recently-issued opinions to demonstrate that courts still rely on antiquated notions of documentary evidence when considering transfer motions.  Those cases do not reflect modern complex litigation practice.

*Local Interest in Deciding Local Controversies*

Defendants want to have it both ways when it comes to the scope of ERISA class actions. On the one hand, they rely on opinions that say a plaintiff's choice of forum should be given little weight because such class actions are national in scope.  [DE 11-1] at 19-20.  But when it suits Defendants, suddenly this matter with diffuse impact becomes a "local controversy."  *See id.* at 27.  The Court should not allow them to have it both ways.

As stated before, we submit that, in the final analysis, the Court need not even consider traditional Fed. R. Civ. P. 1404(a) factors.  But in any event, as demonstrated above, in this case those factors do not overcome "the special weight ERISA affords [Ms. Gipson's] choice of forum."  *See Flynn*, 310 F.Supp 2d 186, 193 (D.D.C. 2004).  Therefore, this Court should not transfer this case to the District of Minnesota.

## CONCLUSION

For the foregoing reasons, Plaintiff Yvonne Gipson respectfully requests that the Court

deny Defendants' Motion To Dismiss For Improper Venue Or In The Alternative To Transfer.

Dated: February 28, 2008

Respectfully submitted,

/s/Patrick P. de Gravelles
J. Brian McTigue, Esq.
(D.C. Bar No. 475904)
Gregory Y. Porter, Esq.
(D.C. Bar No. 458603)
Patrick P. de Gravelles, Esq.
(D.C. Bar No.457529)
**McTIGUE & PORTER LLP**
5301 Wisconsin Avenue, N.W., Suite 350
Washington, DC  20015
(202) 364-6900
pdegravelles@mctiguelaw.com

Counsel for Yvonne Gipson and
all others similarly situated

## Certificate of Service

I hereby certify that the foregoing **Plaintiff's Opposition To Motion To Dismiss For Improper Venue Or In The Alternative To Transfer** was electronically filed with the Court this 28th Day of February 2008, with copies to be served via the Court's ECF notification system upon the following:


Creighton R. Magid
**Dorsey & Whitney LLP**
Washington Square
1050 Connecticut Avenue NW
Suite 1250
Washington, DC 20036
(202) 442-3000 : phone
(202) 442-3199 : fax
magid.chip@dorsey.com

And by other means upon the following:

Andrew Holly
Stephen P. Lucke
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402

**McTigue & Porter LLP**

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Yvonne Gipson<br>1404 Chesapeake Avenue<br>Annapolis, MD 21403,<br>*and all others similarly situated,*<br><br>Plaintiffs<br><br>v.<br><br>Wells Fargo & Company, Wells Fargo Bank,<br>N.A., Employee Benefit Review Committee,<br>*and* John Does 1-20, *et al.*,<br>Defendants | Case No. 1:07-cv-01970-JDB<br><br>Hon. John D. Bates |

**DECLARATION OF YVONNE GIPSON IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE OR
IN THE ALTERNATIVE TO TRANSFER**

I, Yvonne Gipson, declare as follows.

1.    I am over the age of eighteen. The matters set forth herein are known to me personally and if called upon to do so, I could and would testify competently thereto.

2.    I am the named Plaintiff in this matter.

3.    I started working for Norwest Mortgage ("Norwest") in or around February 1996.

4.    I recall that around 2 or 3 years after that, my employer became Wells Fargo.

5.    I worked for Wells Fargo until 2004.

6.    Starting in 1998 and through September 2000, I worked for Norwest and/or Wells Fargo out of my home. At that time, I lived at 1735 Shepherd Street, NW, Washington, DC 20011-5341.

7.    After that, and through 2004 when I left my employment with Wells Fargo, I worked at an office building located at 2808 Douglas Street, NE, Washington, DC 20018-1553. The office space at this location was leased by Wells Fargo. Wells Fargo had exterior signage at

that address and the telephone was in that entity's name, as well. I had as many as three other

Wells Fargo employees working under me at that location.

       8.     I understand that Defendants in this matter have represented to the Court that I did

not work for Wells Fargo in the District of Columbia. As explained above, that is not correct.

      I declare under the penalty of perjury that the foregoing is true and correct.


Dated: February 26, 2008


                                     Yvonne Gipson

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Yvonne Gipson<br>1404 Chesapeake Avenue<br>Annapolis, MD 21403,<br>and all others similarly situated,** | |
| **Plaintiffs,** | **CASE NO. 1:07-CV-01970-JDB** |
| **v.** | **[PROPOSED] ORDER REGARDING<br>DEFENDANTS' MOTION TO<br>DISMISS FOR IMPROPER VENUE<br>OR IN THE ALTERNATIVE TO<br>TRANSFER** |
| **Wells Fargo & Company, Wells Fargo<br>Bank, N.A., Employee Benefit Review<br>Committee, and John Does 1 - 20, et al.,** | |
| **Defendants.** | |

This matter came before the Court on Defendants Wells Fargo & Company ("Wells Fargo"), Wells Fargo Bank, N.A. ("Wells Fargo Bank"), and the Employee Benefit Review Committee (the "Review Committee") (collectively the "Wells Fargo Defendants") motion to dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer this case to the District of Minnesota pursuant to 28 U.S.C. § 1404(a).

Based upon the arguments presented by counsel, and for good cause shown, **IT IS HEREBY ORDERED** that:

Defendants' Motion To Dismiss For Improper Venue Or In The Alternative To Transfer [Dkt No. 11] is **DENIED**.

_____
The Honorable John D. Bates
United States District Court Judge