UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Yvonne Gipson<br>1404 Chesapeake Avenue<br>Annapolis, MD 21403,<br>and all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>Wells Fargo & Company, Wells Fargo<br>Bank, N.A., Employee Benefit Review<br>Committee, and John Does 1 - 20, et al.,<br><br>         Defendants. | CASE NUMBER 1:07-CV-01970-JDB<br><br>REPLY MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT<br>OF MOTION TO DISMISS FOR<br>IMPROPER VENUE OR IN THE<br>ALTERNATIVE TO TRANSFER |

I.   INTRODUCTION

  Plaintiff Yvonne Gipson acknowledges that the 401(k) Plan's forum selection clause requires her to bring this claim in the District of Minnesota. Although she also acknowledges that courts regularly enforce similar provisions in ERISA plans, she seeks to avoid this clause because she believes Eighth Circuit precedent may be unfavorable to her claim. Courts routinely hold, however, that a litigant cannot invalidate a forum selection clause simply because they would prefer to litigate their claims in a jurisdiction with more favorable precedent. Because Gipson does not identify any logistical or financial impediment that would preclude her from bringing this claim in Minnesota, and does not dispute that she will have a fair opportunity to present her claims there, she cannot resist the forum selection clause.

  Moreover, Gipson fails to refute Wells Fargo's showing that transferring this case to Minnesota is in the interests of convenience and justice, and offers no real reason why this District would be an appropriate forum for this case. Apart from the fact that she currently works Washington, D.C. (which courts have held is not a relevant factor), she has failed to

identify any meaningful connection between this litigation and this District. In contrast, Wells Fargo has demonstrated that the District of Minnesota is the most natural forum for this action: the Plan is administered there, alleged breaches took place there, and most of the potential relevant witnesses live there. Thus, even in the absence of a forum selection clause, transfer of this action to the District of Minnesota would still be appropriate.

In short, Gipson provides no reason to avoid the forum selection clause, and she fails to demonstrate that there is any reason why this case should stay here. Wells Fargo's Motion to Dismiss or, in the Alternative, to Transfer should therefore be granted.

## II.  ANALYSIS

### A.  The 401(k) Plan's Forum Selection Clause Mandates The Dismissal Or Transfer Of This Action.

Gipson does not dispute that the 401(k) Plan includes a forum selection clause that requires that this claim be raised in the District of Minnesota. See Defendants' Opening Memorandum ("Defendants' Memorandum") at p. 3. She further does not dispute that such forum selection clauses are legal and appropriate, and that courts will enforce these clauses in ERISA plans.[1] Id. p. 9-10. See also e.g. Klotz v. Xerox Corp., 519 F. Supp. 2d 430, 436 (S.D.N.Y. 2007) (holding forum selection clauses in ERISA plans are appropriate and should be enforced). Although Gipson claims that the forum selection clause should not be enforced because it would deny her a "day in court," she does not argue that its enforcement will be fundamentally unjust or unfair because it will be impossible – or even difficult – for her to

---

[1] Contrary to Gipson's arguments, courts in this jurisdiction (and others) will dismiss a case for improper venue under 12(b)(3), rather than merely transferring it under 28 U.S.C. § 1404(a). E.g., Commerce Consultants Int'l, Inc. v. Vetrene Rinuite, S.P.A., 867 F.2d 697, 700 (D.C. Cir. 1989) (dismissing case under § 1406 for improper venue).

effectively litigate this matter in Minnesota. See Plaintiff's Memorandum at p. 7-8. In fact, Gipson's counsel acknowledges that the realities of "modern complex litigation practice" would allow her to litigate this matter in Minnesota without significant disruption. Id.[2]

Rather, the reason that Gipson believes that a Minnesota forum will deny her from having a day in court is that she believes Eighth Circuit precedent is unfavorable to her claims. Courts have made clear, however, that variations in how different jurisdictions interpret the law is not a factor to be considered in determining the enforceability of a forum selection clause. For example, in Street, Sound Around Electronics, Inc. v. M/V Royal Container, 30 F. Supp. 2d 661, 663 (S.D.N.Y. 1999), plaintiff argued against the enforcement of a forum selection clause, explaining that his claim would be barred in the designated jurisdiction because the statute of limitations had run. The court rejected this argument, however, concluding that this fact did not make enforcement of this clause unreasonable or unjust. Id. at 662. In fact, in a similar circumstance, courts in this district have repeatedly granted a motion to transfer under § 1404(a) despite the fact that the statute of limitations had run in the more appropriate forum. Packer v. Kaiser Foundation Health Plan, 728 F. Supp. 8, 12 (D.D.C. 1989) (where a jurisdiction has a limited nexus to the case, transfer is proper, even if statute of limitations has run in transferee district); Joyner v. Reno, 466 F.Supp.2d 31, 37 (D.D.C. 2006) (transferring case to district where statue of limitations had run).

In fact, the vast majority of courts have concluded that a forum selection clause only "denies a plaintiff her day in court" if it is impossible for the plaintiff to litigate the matter in the chosen forum, rather than because of the "effect of applying the law of the chosen forum." New

---

[2] See also e.g., http//www.mctiguelaw.com/news/ (noting cases throughout the United States currently litigated by the "national law firm" of McTigue & Porter).

Moon Shipping Co., Ltd. v. Man B & W Diesel Ag., 121 F.3d 24, 33 (2d. Cir. 1997); Union Steel America Co. v. M/V Sanko Sprucel, 14 F.Supp.2d 682 (D.N.J. 1998) (rejecting argument that forum selection clause should not be enforced because statute of limitations had passed in the jurisdiction designated by forum selection clause); General Elec. Co. v. G Siempelkamp GmbH & Co., 809 F. Supp. 1306, 1314 (S.D. Ohio 1993) (application of statute of limitations is not considered when determining reasonableness of forum selection), aff'd. 29 F.3d 1095 (6th Cir. 1994).[3]

Notably, the court in Quan v. Computer Sciences Corp., 2008 WL 89679 (E.D.N.Y. 2008) recently rejected the exact argument that Gipson raises. There, a court rejected the proposition that a plaintiff in an ERISA action should be allowed to bring her action in New York because, as a former participant in the ERISA plan, her claim was subject to dismissal in the jurisdiction (California) that was most appropriate for the convenience of the parties and witnesses. As the court explained, a plaintiff's desire to "forum shop[] for advantageous local law" did not justify a decision to file a claim in an otherwise inappropriate venue. Id. at *4 (quoting Iragorri v. United Tech. Corp., 274 F.3d 65, 71-72 (2nd Cir. 2001)). Cf., Schreiber v. Allis-Chalmers Corp., 448 F. Supp. 1079, 1084 (D. Kan. 1978) (refusing to consider a "possible defense[s] which may be interposed by a defendant, such as a statute of limitations" in venue dispute.) rev'd on other grounds, 611 F.2d 790 (10th Cir. 1979).

In fact, the cases cited by Gipson actually support the Wells Fargo Defendants' position

---

[3]  Cf. Bonny v. Society of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993) (forum selection clause should be enforced "even if that agreement tacitly includes the forfeiture of some claims that could have been brought in a different forum"); Phillips v. Audio Active LTD, 494 F.3d 378, 393 (2d Cir. 2007) ("The gap in Phillips' reasoning is that his averments suggest that litigation in England may be more costly or difficult, but not that it is impossible."); E & J Gallo Winery, Inc. v. Andina Licores, S.A., 440 F. Supp.2d 1115, 1127 (E.D. Cal. 2006).

that in order to avoid a forum selection clause, a plaintiff must demonstrate a physical or financial incapacity to litigate in the designated jurisdiction, and that dissatisfaction with the jurisdiction's substantive law is not a relevant factor. For example, in Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1143 (9th Cir. 2004), the Ninth Circuit concluded that the plaintiff's inability to travel to Wisconsin due to a severe disability, as well as his financial inability to finance litigation there, suggested that a forum selection clause would inappropriately deny him his "day in court." Id. (noting that "Murphy's physical and financial limitations together may preclude his day in court."). At no time, however, did the Ninth Circuit indicate that Wisconsin's substantive law was a factor to be considered. The same is true for Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204 (4th Cir. 2007), where the Fourth Circuit indicated that an individual is only "deprived of [their] day in court" where "trial in the contractual forum [would] be [] *gravely difficult and inconvenient*." Id. at 213-14 (emphasis added). Again, the substantive law of the second jurisdiction was not considered.[4]

Further, even if unfavorable Eighth Circuit substantive law were a basis for avoiding the forum selection clause, Gipson does not even allege that this condition is met. Rather, she evidently contends that the United States Supreme Court has eliminated the Wells Fargo Defendants' potential standing defense, but expresses concern that a Minnesota court may fail to recognize this legal development, necessitating an appeal. Whether Gipson ultimately prevails in establishing standing as a former participant is yet to be determined, but she cites no authority

---

[4] The same is true of L&L Constr. Associates, Inc. v. Slattery Skanska, Inc., 2006 WL 1102814, * 5 (D.D.C. 2006), where the court acknowledged that a party "may escape enforcement of the forum selection clause only if it can demonstrate that it will be deprived of its day in court by trying the matter in New York state court," but went on to state that "Plaintiff has not and cannot make that argument" without further discussion.

for her position that the possibility of an erroneous unfavorable ruling and the necessity to correct these errors with an appeal constitutes being denied her day in court. To the contrary, there is every indication that Gipson will receive a full and fair hearing on any factual or legal arguments she may wish to raise in a Minnesota Court, and that any uncertainties associated with the substantive law that the Minnesota court will apply is not grounds for disregarding the Plan's forum selection clause.

Throughout her brief, Plaintiff candidly acknowledges that this case will only remain in the District of Columbia if she can find some basis to avoid the application of the forum selection clause. See Plaintiffs' Response p. 6 ("[T]he question really boils down to this: should the Court enforce the [forum selection clause]?"). Her *only* reason for avoiding this clause – a desire to avoid negative Eighth Circuit precedent – is one that courts have widely rejected. Since she therefore has no legitimate argument that the application of the forum selection clause would be fundamentally unfair or unjust, this case should be dismissed or transferred to the District of Minnesota.

  B. <u>The Traditional Section 1404(a) Factors Support Transferring This Case To Minnesota</u>.

Even without the forum selection clause, the Wells Fargo Defendants' Motion to Transfer under § 1404(a) should still be granted. As discussed in its opening memorandum, all of the traditional § 1404(a) factors point to the District of Minnesota as the most appropriate forum for this case. Among other things, the Plan is administered in that District, the claims alleging fiduciary breaches in the administration of the Plan therefore arose in that District, most of the witnesses involved in the administration of the Plan and the research and investigation into the Plan's investment options live that District, and the interests of justice support having claims involving the Plan resolved in a single forum under a single body of law. Defendants' Opening

Memorandum at p. 21-26.

Although courts hold that the presence of a forum selection clause shifts the burden to plaintiff to demonstrate why a transfer is *not* appropriate, e.g., Breedon v. Tricom Business Sys. Inc., 244 F. Supp. 2d 5, 9 (N.D.N.Y. 2003),[5] Gipson makes no effort to satisfy this burden. In fact, as discussed in the next two sections, even without a forum selection clause, Gipson does not and cannot contest the Wells Fargo Defendants' clear showing that the proper venue for this case is the District of Minnesota.

>  1. There no basis for giving Gipson's choice of forum any substantial deference.

As noted in the Wells Fargo Defendants' opening memorandum, Gipson's choice of forum is not entitled to any deference: she does not live here, none of the operative facts alleged in the Complaint took place here, and only a tiny fraction of the 180,000 putative class members she seeks to represent reside here. See Defendants' Opening Memorandum at 17-18.

The fact that Gipson presently works for another employer in this District (and formerly worked for Wells Fargo Home Mortgage in this District[6]) does not alter this conclusion. The cases indicating that a court should give deference to a plaintiff's choice of forum focus on the plaintiff's residence, not on their place of employment. E.g., Miracle Blade, LLC v. Ebrands

---

[5]   See also, e.g. 2215 Fifth Street Assoc., LP v. U-Haul Int'l Inc., 148 F. Supp. 2d 50, 58 (D.D.C. 2001) ("[W]hen parties have agreed to a forum selection clause, the traditional analysis is altered and . . . the clause should control absent a strong showing that it should be set aside.").

[6]   Wells Fargo concedes the point that Gipson did work in the District of Columbia for several years before 2004 when she was employed by Wells Fargo Home Mortgage. Although as the Roe Affidavit indicated, Wells Fargo's personnel records correctly show that Gipson was employed by a Wells Fargo Home Mortgage office in Greenbelt, Maryland during the class period, it appears her local supervisors allowed her to work out of her home up until 2002, and then between 2002-2004 to work out of a facility that Wells Fargo leased in Washington D.C. for her. It is because Gipson was at all relevant times an employee of the Greenbelt, Maryland office that these accommodations were not reflected in Wells Fargo's records.

Commerce Group, 207 F. Supp. 2d 1136, 1155 (D. Nev. 2002) ("A Plaintiff's choice of forum is normally only given substantial deference if *the plaintiff is a resident of the district in which the action is brought.* Otherwise, this bears little significance on determining whether to grant a discretionary transfer.") (emphasis added); Lajaunie v. L & M Bo-Truc Rental, Inc., 261 F. Supp. 2d 751, 755 (D. Tex. 2003) ("Court[s] look with great scrutiny at the choices of plaintiffs who file where they do not reside."). See also, e.g., Defendants' Opening Memorandum at 16-17. Gipson cites no authority to support her argument that any deference should be given to her choice of forum simply because she now works for another employer (or previously worked for Wells Fargo Home Mortgage) in this District, see Plaintiffs' Memorandum at 8-10, and courts hold otherwise. See Foster v. Nationnwide Mut. Ins. Co., 2007 WL 4410408, at * 3 (N.D. Cal. Dec 14, 2007) (where plaintiff did not live in chosen forum, his choice of forum was given little weight, even though he worked in the District).

Nor can Gipson establish that venue is appropriate in this District because her choice of forum is entitled to "special" deference under ERISA. While she argues that there is a "special" presumption in ERISA cases in favor of plaintiff's forum, and that courts in this District have rejected "virtually every attempt to transfer ERISA actions under § 1404(a)," see Plaintiff's Memorandum, p. 9, in fact, this is not true. Courts in this district have often transferred ERISA cases where the traditional § 1404(a) factors have been satisfied, e.g., Nat'l Traffic Controllers Ass'n v. Dental Plans, Inc., 407 F. Supp. 2d 1, 3 (D.D.C. 2005),[7] as have courts across the country. E.g., Quan., 2008 WL 89679 at * 9. See also Opening Memorandum p. 13-14 (citing

---

[7] See also e.g., Brotherhood of Painters and Allied Trades Union v. Rose Brothers Home Decorating Center, Inc., 1992 WL 24036 at * 2 (D.D.C. Jan. 14, 1992) (granting transfer motion in ERISA action); Campbell v. Consolidated Building Specialties, 683 F. Supp. 271, 273 (D.D.C. 1987) (same).

cases).

Although Gipson relies on Flynn to support her argument for added deference to a plaintiff's choice of forum in an ERISA action, that case is readily distinguishable. Flynn v. Veazey Const., 310 F.Supp.2d 186, 192-93 (D.D.C. 2004). First, Flynn did not involve a forum selection clause and the case does not in any way suggest that such clauses are invalid or unenforceable in an ERISA plan. Id. Second, in Flynn, the court concluded that the matter should remain in this District because the plaintiff resided in there, and there was a significant connection between the forum and the witnesses in the case. Id. at 193-94. In contrast, Gipson does not reside in this District, and all of the fiduciary breaches that she complains of took place outside of this District.

Nat'l Traffic also makes clear that Gipson's claims do not alter the rule that her status as a putative class representative eliminated any deference that her choice of forum might otherwise have received. In Nat'l Traffic, this court held that there was little reason to give an ERISA plaintiff's choice of forum any deference since only one of the many plaintiffs lived in that forum. 407 F. Supp. 2d 1, 3 (D.D.C. 2005). This is consistent with the well-established rule that a putative class representative's choice of forum is not entitled to any deference, see Berenson v. National Financial Services, Inc., 319 F. Supp. 2d 1, 3 (D.D.C. 2004) (holding no deference to plaintiff's choice of forum in class action), including in class actions brought under ERISA. See Ruppert v. Principal Life Ins. Co., 2007 WL 2025233 * 5 (S.D. Ill. July 9, 2007) (same in ERISA action). George v. Kraft Foods Global, Inc., 2007 WL 853998 *5 (S.D. Ill., March 16, 2007).

    2.    The District of Minnesota is the more appropriate forum for this matter.

Not only does Gipson fail to demonstrate that her choice of forum is entitled to any substantial deference, she also fails to rebut the Wells Fargo Defendants' clear showing that

convenience of the parties and the witnesses points to the District of Minnesota as the most appropriate forum for this matter.

To avoid this result Gipson only argues that the convenience of witnesses is a neutral factor because several witnesses that the Wells Fargo Defendants identified as having lived outside this district could just as easily travel to Washington, D.C., as they could to Minnesota. To make her argument, however, she ignores the Wells Fargo Defendants' considerable evidence that the Plan is administered in Minnesota, and ignores the facts that the current and previous investment managers (Tom Hooley and David Lunt), Wells Fargo's Manager of Retirement Plans (Robert Brausen), the Manager of the Plan (Melanie Miller), and their staff, as well as the individual who performs the trustee services for the Plan (Craig Pfeiffer and his staff) all live and work in Minnesota. See Defendants' Memorandum p. 6-7. She also ignores the fact that Minnesota is the most convenient forum for former employees of the Wells Fargo Defendants (such as the former manager of the Wells Fargo Defendants' retirement plans) who continue to live in Minnesota and would be subject only to the subpoena power of that court. See Opening Memorandum, p. 6. While the vagueness of Gipson's claims as well as the preliminary status of this litigation makes it difficult for the Wells Fargo Defendants to accurately predict every witness the parties may wish to call, it is evident that the majority of the witnesses in a case alleging wrongdoing in the administration of the Plan will live in the jurisdiction where the plan is administered – Minnesota. Certainly, Gipson identifies no witnesses (including herself) who live in Washington D.C., where the Wells Fargo Defendants have no contacts related to this case.

Nor can Gipson establish a relevant connection between this case and the District of Columbia by arguing that the claim "arose" here. Gipson acknowledges that her breach of fiduciary duty and prohibited transaction claims fundamentally involve claims of plan

-10-

administration, see Complaint, ¶¶ 3, 8, but she does not identify any plan administration that occurred here or any connection between the District of Columbia and the selection of plan investments or the payment of associated fees. Although, Gipson may have worked for Wells Fargo in Washington D.C. before 2004, there is no evidence that she made personal investment choices in this District, and she does not otherwise identify how this District relates to her claim. In any event, courts have long held that breach of fiduciary duty claims involving the alleged mismanagement of plan assets arise in the district where the alleged mismanagement takes place. E.g., Moore v. St. Paul Co., Inc., 1995 WL 11187 at *9 (D.N.J., Jan 3, 1995) (breach of fiduciary duty for negligent management of assets of ERISA plan occurred in the district where defendant managed the assets).[8] They have similarly rejected the argument that a breach of fiduciary duty claim arises where the participant lives or participates in the Plan. See Quan, 2008 WL 89679 at *6 (rejecting argument that breach of fiduciary duty claim arose in district where plaintiffs lived).[9]

In short, because Gipson is challenging the administration of the Plan's investment options, it is more convenient and appropriate for this action to be litigated in Minnesota, where the Plan is administered, and not Washington D.C., which has no connection to the administration of the Plan or the litigation.

---

[8] See also Boyer v. J.A. Majors Co. Employee Profit Sharing Plan, 481 F. Supp. 454, 459 (N.D. Ga. 1979) (noting that a breach of fiduciary duty claim arises in the forum where the alleged breach takes place); Quan, 2008 WL 89679 at *6.

[9] See also McFarland v. Yegen, 699 F. Supp. 10, 13 (D.N.H. 1988) ("A breach of fiduciary duty, however, can occur only where the defendants commit or fail to commit the actions that their duties require."); DiGiovannantonio v. Local 153 Pension Fund, 1992 WL 164953 (E.D. Pa. June 10, 1992).

## III. CONCLUSION

For the foregoing reasons, the Wells Fargo Defendants respectfully request that this Court grant its Motion to Dismiss, or, in the Alternative, Transfer this case to the District of Minnesota.

Dated:  March 14, 2008                                      DORSEY & WHITNEY LLP


By:  /s/ Creighton R. Magid
    Creighton R. Magid (DC#1071807)
1050 Connecticut Avenue NW
Suite 1250
Washington, D.C. 20036
(202) 442-3000
magid.chip@dorsey.com

AND

    Stephen P. Lucke *(admitted pro hac vice)*
    Andrew J. Holly *(admitted pro hac vice)*

Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-2600 (telephone)
(612) 340-2868 (facsimile)
lucke.stephen@dorsey.com
holly.andrew@dorsey.com